IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DUCTMATE INDUSTRIES, INC,

    Plaintiff,                              12cv1440
                                               **ELECTRONICALLY FILED**

        v.

FAMOUS DISTRIBUTION, INC,
FAMOUS INDUSTRIES, INC.,

    Defendant.

**ORDER OF COURT ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION (DOC. NO. 81) RE: PLAINTIFF'S MOTION TO REMOVE THE IMPROPER DESIGNATION OF "CONFIDENTIAL INFORMATION" FROM THE DEPOSITION OF WILLIAM R. GRAY (DOC. NO. 63); GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION (DOC. NO. 63) AND GRANTING DEFENDANT'S MOTION FOR ORDER THAT SPECIAL MASTER NOT BILL DEFENDANTS FOR HIS WORK ON THE DISCRETE ISSUE CONCERNING PLAINTIFF'S DISPUTE WITH THIRD-PARTY WILLIAM R. GRAY REGARDING CONFIDENTIALITY DESIGNATIONS (DOC. NO. 85)**

On December 12, 2013, Plaintiff filed a Motion to Remove the Improper Designation of "Confidential Information" from the Deposition of William R. Gray. Doc. No. 63. Plaintiff moved the Court to find that other than certain portions of Mr. Gray's deposition testimony are public information. Id. Mr. Gray is the President of Gray Flex Systems, Inc. and Snap Rite Manufacturing, Inc. and, like these companies, is not a party in this patent litigation matter. See Doc. No. 81, 2. The Court referred Plaintiff's Motion to Special Master John McIlvaine without elaboration of how costs would be allocated. Text Order 12/13/2013.

After briefing on Plaintiff's Motion re. William R. Gray by "interested non-party" Mr. Gray and Plaintiff, the Special Master filed his Report and Recommendation that recommended to this Court that Plaintiff's Motion be granted in part and denied in part. Both Plaintiff and Mr. Gray have filed objections to the Report and Recommendation. Doc. Nos. 83 and 84.

Defendant did not file any documents in relation to Plaintiff's Motion. After consideration of the Report and Recommendation and objections thereto, IT IS HEREBY ORDERED THAT the Special Master's Report and Recommendation (Doc. No. 81) is **ADOPTED AS THE OPINION OF THE COURT** in this matter.

As such, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remove the Improper Designation of "Confidential Information" from the Deposition of William R. Gray is **GRANTED IN PART AND DENIED IN PART**. The excerpts of the September 23, 2013 deposition transcript of William R. Gray identified in the chart set forth in Section B of the Report and Recommendation (Doc. No. 81, 7-8) be designated as "Confidential Information" pursuant to the Protective Order, and all other information be de-designated as confidential under any level of protection available under the Protective Order.

Also pending before this Court is Defendant's Motion for Order that Special Master Not Bill Defendants for his Work on the Discrete Issue Concerning Plaintiff's Dispute with Third-Party Confidentiality Designations. Doc. No. 85. Defendant notes that Plaintiff agrees that Defendant should not be charged for the costs associated with its Motion. IT IS HEREBY ORDERED THAT Defendant's Motion for Order that Special Master Not Bill Defendants for His Work on the Discrete Issue Concerning Plaintiff's Dispute with Third-Party William R. Gray Regarding Confidentiality Designations (Doc. No. 85) is **GRANTED**.

SO ORDERED, this 10th day of January, 2014,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties